UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLIE BETHEL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>BLUEMERCURY, INC., a Delaware corporation,<br><br>Defendant. | Case No.<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff, LESLIE BETHEL ("BETHEL" or "Plaintiff"), along with any other similarly situated employees who may join this action (collectively "Plaintiffs"), by her attorneys, Shavitz Law Group, P.A., upon personal knowledge as to herself and upon information and belief as to other matters, alleges as follows:

**INTRODUCTION**

1. Plaintiff BETHEL, who was employed as a "Store Manager" with Defendant, BLUEMERCURY, INC. (hereinafter, "Defendant" or "BLUEMERCURY") brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq*. on behalf of herself and all similarly situated current and former non-exempt, hourly Store Managers (collectively, "SMs") who suffered damages as a result of Defendant's violations of the FLSA.

2. Plaintiff BETHEL also brings this action on behalf of herself and all similarly situated current and former non-exempt, hourly SMs who worked for Defendant in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq*., Article 19, §§ 650 *et seq*., and the supporting New York State

Department of Labor regulations, 12 N.Y.C.R.R. Part 142 *et seq.* (collectively, the "New York Wage Laws").

3. As more fully described below, during the relevant time periods, Defendant willfully violated the FLSA and NYLL by failing to pay Plaintiff and all other similarly situated employees for all of their overtime hours worked based upon its unlawful policies and practices.

4. While Defendant required Plaintiff and the similarly situated employees to work overtime hours, as more fully described herein, it required Plaintiff to work off the clock. Accordingly, Defendant failed to credit – and therefore compensate – Plaintiff and other similarly situated employees for all of their hours worked.

5. Plaintiff has retained the law office of Shavitz Law Group, P.A. her in this matter.

## THE PARTIES

*Plaintiff*

6. Plaintiff BETHEL worked for Defendant as a non-exempt, hourly paid SM at one of Defendant's retail store locations in New York, New York from approximately March 2018 to March 2019.

7. BLUEMERCURY pays Store Managers on an hourly basis but does not pay them for all hours worked including all overtime due.

8. Plaintiff BETHEL's last rate of pay was approximately $24.00 per hour.

9. During workweeks that she worked at least five days/shifts, BETHEL worked overtime hours off the clock. BETHEL estimates that, on average, she worked between five (5) and ten (10) uncompensated overtime hours per week.

10. BLUEMERCURY establishes tight labor budgets for its stores. The budgets do not allow SMs sufficient time to perform the customer service and other tasks they are required to complete each day. As a result, to ensure they do not exceed BLUEMERCURY's established labor budgets, Store Managers, including Plaintiff BETHEL, are forced to work off the clock before and after their shifts, and during their lunch breaks performing tasks such as customer service, unpacking shipments, merchandising, preparing reports, and reading and responding to email.

11. SMs, including BETHEL, routinely receive phone calls and text messages from their stores and their supervisors when they are out of the store and off the clock, to which they are required to respond without compensation.

12. Specifically, during the week of November 18, 2018, BETHEL worked approximately 55 hours, but was not paid for 5 hours of overtime during that workweek.

13. Similarly, during the week of December 16, 2018, BETHEL worked approximately 55 hours, but was not paid for 5 hours of overtime during that workweek.

14. BETHEL estimates that for each workweek that she worked at least five (5) days/shifts, her average amount of uncompensated wages owed (not including liquidated damages) to her based upon off the clock overtime hours worked to be approximately $180.00 (5 hours of unpaid overtime per week at an overtime rate of $36.05/hour).

15. Plaintiff BETHEL's written consent to join this action is attached as Exhibit A.

*Defendant*

16. Defendant, BLUEMERCURY, INC., is a Delaware corporation with a principal place of business in Jupiter, Palm Beach County, Florida. Defendant operates BLUEMERCURY

retail stores in over 20 states, including New York, Florida, California, and New Jersey.

17. BLUEMERCURY had gross revenues exceeding $500,000 for all relevant periods herein.

18. The overtime wage provisions set forth in §§ 201, *et seq*., of the FLSA and NYLL apply to BLUEMERCURY.

19. BLUEMERCURY was Plaintiff's employer and was and/or is the employer of the FLSA Collective and New York Class and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a) and the NYLL.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1332, and 1367,  and by 29 U.S.C. § 201, *et. seq*.

21. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

22. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendant is subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed non-exempt duties for Defendant in New York, New York in the Southern District of New York, which is within the jurisdiction and venue of this Court.

23. At all times pertinent to this Complaint, the Defendant was an enterprise engaged in interstate commerce or in  the production of interstate goods for commerce as defined by the

Act, 29 U.S.C. §§ 203(r) and 203(s). Defendant's gross receipts for the three years preceding the filing of this lawsuit exceeded $500,000.00.

24. Defendant is within the personal jurisdiction and venue of this Court. Defendant directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees at all material times, including without limitation directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

25. Throughout the relevant period, Defendant employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL. Defendant has substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

26. Defendant is a covered employer within the meaning of the FLSA and NYLL and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

## FACTS COMMON TO ALL CLAIMS

### *The FLSA Collective*

27. The proposed FLSA Collective is defined as follows:

> All non-exempt, hourly SMs employed by BLUEMERCURY at any retail store location throughout the United States, however variously titled, within the 3 year period preceding the filing of this Complaint to the date of judgment in this action, who have not been paid for all overtime hours worked.

### *The New York Class*

28. The proposed New York Class is defined as follows:

> All non-exempt hourly SMs employed by BLUEMERCURY at any retail store location throughout the United States, however variously titled, within the 6 year period preceding the filing of this Complaint to the date of judgment in this action, who have not been paid for all hours worked.

- 5 -

*Plaintiffs' Off the Clock Overtime*

29. Throughout her employment as a SM with BLUEMERCURY, Plaintiff and the similarly situated employees were scheduled to work up to 40 hours per week. Plaintiff and the other SMs have been victims of a common policy and plan perpetuated by BLUEMERCURY that has violated their rights under the FLSA and NYLL by denying them overtime compensation for hours worked in excess of 40 in a workweek, including hours worked before the scheduled start time of shifts, after the scheduled end time of shifts, during time recorded as unpaid meal breaks, and engaging in work-related communications when away from the store.

30. Specifically, pursuant to its policies and procedures, BLUEMERCURY required Plaintiffs and the similarly situated SMs to work off the clock before and after their shifts, and during their lunch breaks performing tasks such as customer service, unpacking shipments, merchandising, preparing reports, and reading and responding to email.

31. Additionally, pursuant to its policies and procedures, BLUEMERCURY required Plaintiffs and the similarly situated SMs to respond to work-related phone calls and text messages from their stores and their supervisors when they were out of the store and off the clock.

32. Pursuant to these policies and procedures, BLUEMERCURY failed to compensate Plaintiffs and the other SMs for all of the hours they worked, thereby resulting in the failure to pay overtime in violation of the FLSA and the NYLL.

*Defendant' Off the Clock Overtime Violations*

33. Plaintiff and the members of the proposed FLSA Collective and New York Class worked as non-exempt classified SMs at BLUEMERCURY's retail stores.

34. Defendant are aware or should be aware that Plaintiff, the proposed FLSA Collective and New York Class worked off the clock overtime hours, yet, as described herein, Defendant has failed and continue to fail to pay them all of their overtime compensation by failing to credit them for all of the hours they work over 40 in a workweek and suffering or permitting Plaintiff and the proposed FLSA Collective and New York Class to work off the clock overtime hours, during which they performed the duties described herein.

35. Defendant maintains time records for all of its non-exempt hourly SMs throughout the United States.

36. However, those time records fail to accurately reflect all of Plaintiff's and the proposed FLSA Collective and New York Class members' hours worked, based upon Defendant's policies and procedures described herein for requiring Plaintiff's and the similarly situated SMs to work off the clock and not crediting all time worked.

37. Based upon the policies and procedures described herein, Defendant failed to keep accurate records of hours worked by Plaintiff, the proposed FLSA Collective and New York Class.

38. Defendant's failure to pay Plaintiff, the proposed FLSA Collective and New York Class, for all hours worked was due to a corporate policy to limit labor expenditures and preserve corporate profits.

**FLSA COLLECTIVE ACTION FACTS**

39. Plaintiff BETHEL brings the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of herself and the proposed FLSA Collective.

40. All of the work that Plaintiff BETHEL and the proposed FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work

that Plaintiff BETHEL and the proposed FLSA Collective have performed.

41. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff BETHEL and the proposed FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiff BETHEL and the members of the FLSA Collective overtime wages for all of the hours that they worked for Defendant in excess of 40 hours per workweek; and

    b. willfully failing to record all of the time that its employees, including Plaintiff BETHEL and the FLSA Collective, have worked for Defendant.

42. Defendant is aware or should have been aware that federal law required it to pay Plaintiff BETHEL and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 per workweek.

43. Plaintiff BETHEL and the FLSA Collective all perform or performed the similar duties of SMs at BLUEMERCURY's retail stores throughout the country.

44. Plaintiff BETHEL and the FLSA Collective all were compensated on an hourly basis.

45. Plaintiff BETHEL and the FLSA Collective all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendant.

46. Defendant's unlawful conduct has been widespread, repeated, and consistent.

### NEW YORK CLASS ACTION ALLEGATIONS

47. Plaintiff brings the Second, Third, and Fourth Causes of Action, pursuant to NYLL and Federal Rule of Civil Procedure 23 on behalf of herself and the proposed New York Class.

48. All of the work that Plaintiff and the proposed New York Class have performed has

been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiffs and the proposed New York Class performed.

49. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendant.

50. Plaintiff BETHEL's claims are typical of the claims of the members of the New York Class.

51. Plaintiff BETHEL is an adequate class representative, committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

52. Upon information and belief, the size of the New York Class is at least 50 individuals.

53. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually, including without limitation:

    a. whether Defendant failed to pay proper compensation for all work-hours and violated N.Y. Lab. Law, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    b. whether Defendant failed to keep accurate time records for all hours worked by Plaintiff and the New York Class;

    c. whether Defendant failed to furnish Plaintiff and the New York Class with an accurate statement of, inter alia, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

    d. the nature and extent of the Class-wide injury and the appropriate measure of damages sustained by Plaintiff and the New York Class; and

    e. whether Defendant acted willfully or with reckless disregarding in its failure to pay Plaintiff and the New York Class.

54. Plaintiff BETHEL, as the "Class Representative," will fairly and adequately protect the interests of the New York Class, and has no interest antagonistic to the New York Class. Plaintiffs, as the New York Class Representative, is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

55. Plaintiff BETHEL's claims are typical of those of the New York Class. The New York Class Representatives and the other New York Class members were subjected to Defendant's policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records. The New York Class Representatives' job duties are typical of those of the New York Class members.

56. Further, the New York Class Representatives and the New York Class have been equally affected by Defendant's failure to pay proper wages. Moreover, members of the New York Class still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

57. Defendant has acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class was a whole.

58. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the

New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

59. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiff BETHEL and the FLSA Collective)

60. Plaintiff BETHEL realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

62. Plaintiff BETHEL has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

63. At all relevant times, Plaintiff BETHEL and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

64. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

65. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66. At all times relevant, Plaintiff BETHEL was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

67. Defendant has failed to pay Plaintiff BETHEL and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

68. Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendant has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff BETHEL and other similarly situated current and former employees.

69. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

70. As a result of Defendant's willful violations of the FLSA, Plaintiff BETHEL and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

71. As a result of the unlawful acts of Defendant, Plaintiff BETHEL and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**
**NYLL – Unpaid Overtime Wages**
**(Brought on behalf of Plaintiff BETHEL and the New York Class)**

72. Plaintiff BETHEL incorporates by reference all preceding allegations.

73. At all times relevant, Plaintiff and the New York Class were employees and Defendant was their employer within the meaning of the NYLL.

74. Plaintiff and the New York Class are covered by the NYLL.

75. Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the New York Class.

76. Defendant failed to pay Plaintiff and the New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

77. Defendant failed to pay Plaintiff and members of the New York Class overtime at a wage rate of one and one-half times their regular rate of pay.

78. Defendant has a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiff and the New York Class.

79. Defendant's failure to pay overtime compensation to Plaintiff and the New York Class was willful and intentional.

80. Due to Defendant's violations of the NYLL, Plaintiff and members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Statements**
**(Brought on behalf of Plaintiff BETHEL and the New York Class)**

81. Plaintiff incorporates by reference all preceding allegations.

82. Defendant failed to supply Plaintiff and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work

covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

83. Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement, Plaintiff and members of the New York Class are each entitled to damages of $100 per workweek, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

84. Due to Defendant's violations of N.Y. Lab. Law § 195, for each workweek that Defendant failed to provide a proper wage statement, Plaintiffs and members of the New York Class are each entitled to damages of $250 per work day, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, seeks the following relief:

A. That, at the earliest possible time, Plaintiff BETHEL be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the proposed FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Certification of this case as a class action pursuant to Rule 23;

D.     Designation of Plaintiff LESLIE BETHEL as the New York Class Representative, and counsel of record as Class Counsel;

E.     Unpaid overtime and liquidated damages pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.     Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendant's violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

G.     Pre-judgment interest and post-judgment interest as provided by law;

H.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

I.     Attorneys' fees and costs of the action;

J.     An appropriate service award for Plaintiff's efforts and service to the proposed FLSA Collective and New York Class; and

K.     Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York  
       March 31, 2021

Respectfully submitted,

*Michael Palitz*

Michael J. Palitz  
SHAVITZ LAW GROUP, P.A.  
800 3rd Avenue, Suite 2800  
New York, New York 10022

Telephone: (800) 616-4000
Facsimile: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Camar R. Jones
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
Facsimile: (561) 447-8831
gshavitz@shavitzlaw.com
pmeireles@shavitzlaw.com
lpardell@shavitzlaw.com

*Attorneys for Plaintiffs, the proposed FLSA Collective and New York Class*

*to apply for admission *pro hac vice*

# Exhibit A

## CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), BlueMercury, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

_/s/ Leslie Bethel_

Signature

Leslie Bethel

Print Name